LORIE C. QUINN, SR., ADMINISTRATOR, ETC., PLAINTIFF-APPELLANT, v. NEW JERSEY FIDELITY AND PLATE GLASS INSURANCE COMPANY, DEFENDANT-RESPONDENT.

Argued May 24, 1932—Decided October 17, 1932.

For the appellant, *Alexander Simpson.*

For the respondent, *Congleton, Stallman & Hoover.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment in favor of the defendant on verdict of a jury in a trial at the Essex Circuit.

It appears that, in 1926, one George A. DeVoe was employed by the defendant and was authorized by power of attorney duly executed by defendant to make, execute and deliver for the defendant bonds of various kinds and, likewise, guarantees of payment of evidences of indebtedness. This power was formally revoked by defendant on May 21st, 1927. DeVoe's employment terminated June 20th, 1927.

In May, 1927, one Clark Dulaney and his wife, known as Belle Bart, who was president of a corporation known as American Academy of Astrology, had created notes of that corporation in the sum of $100,000 represented by ten notes for $10,000 each. Each note had attached thereto a guarantee of defendant, signed on behalf of defendant by DeVoe, and bore even date with the notes, namely, May 10th, 1927. These notes were sold to the Union Trust Company of Baltimore on May 10th, 1927, for $90,000.

For this guarantee DeVoe was to receive from the debtor corporation a second mortgage for $150,000 on a property in New York City. The defendant paid the notes of the Union Trust Company after default of the corporation.

During the early part of June, after the revocation of DeVoe's power of attorney, DeVoe was induced to execute a guarantee of five notes for $20,000 each, under date of May 10th, 1927, upon the representation that they were in substitution for the ten $10,000 notes. Three of these notes and accompanying guarantee certificates came into the possession of plaintiff and are the subject-matter of this suit. Plaintiff asserts that he was shown five notes for $20,000 each, and that he received one of them on May 17th, and the others in June, 1927, although it was disputed that any of the guar-

antees in question were executed prior to some time early in June. The trial judge submitted the case to the jury, which found the facts against the plaintiff.

The complaint alleged the execution of the notes and the guarantee of payment by defendant. The issue was squarely raised upon the vaildity of the guarantees. Plaintiff endeavored to show that he purchased all of the notes prior to the revocation of DeVoe's authority.

Three questions are raised on this appeal.

Plaintiff asserts that the defendant is estopped from setting us as a defense the lack of authority in DeVoe to execute the guarantees after May 21st, because it had not given notice of the revocation of DeVoe's authority. Judge Dungan, at the trial, held that this question was not raised by the pleadings. However, it appears that the trial judge left it to the jury to determine whether or not plaintiff was deceived by the conduct of defendant and whether or not the defendant had held out DeVoe after May 21st as apparently possessing authority to act for it in the respect here involved, charging that if defendant did anything to deceive or mislead plaintiff by which he was induced to purchase the notes, or, if defendant did hold DeVoe out as having authority, the guarantees would be valid and plaintiff would be entitled to recover; otherwise, the right of plaintiff to recover would be dependent upon whether or not the guarantees were executed at a time when DeVoe admittedly possessed authority. We think there was no error prejudicial to plaintiff in this action of the trial judge.

The second point urged for a reversal is that the trial court erred in admitting testimony of the consideration paid by the plaintiff for the notes, but it appears that plaintiff opened this question on his direct examination. We see no error in the admission of this testimony.

The third point urged is that the trial court erred in his charge to the jury. We have examined the charge and conclude that there was no prejudicial error therein. The general complaint of plaintiff with respect to the charge appears to be that the trial judge limited a recovery to a finding that

the guarantees were executed prior to the revocation of DeVoe's power of attorney, as alleged in the plaintiff's complaint. We do not deem it necessary to discuss the question whether or not the trial judge would have been correct in so doing because, as above stated, this criticism is not sustained by a reading of the charge of the court. It appears that the trial judge submitted to the jury the question as broadly as plaintiff could wish, and as requested by plaintiff, and the jury found against plaintiff.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.

*For reversal*—None.